IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL T. RUPERT and<br>JACQUELINE C. RUPERT,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 12-331<br>)<br>)　Judge Cathy Bissoon<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Jacqueline C. Rupert's ("Ms. Rupert's") motion to disqualify (Doc. 9) Thomas W. King, III ("Attorney King") as counsel for Plaintiff Michael T. Rupert ("Mr. Rupert"). For the reasons stated herein, the Court will deny Ms. Rupert's motion.

Attorney King formerly represented both Mr. and Ms. Rupert with respect to other claims related to the car accident that is the subject of this product liability action. Attorney King no longer represents Ms. Rupert. Ms. Rupert seeks to disqualify Attorney King and his law firm, Dillon, McCandless, King, Coulter and Graham, LLP, from representing Mr. Rupert in this action.

"[A] former client seeking to disqualify a law firm representing an adverse party on the basis of its past relationship with a member of the law firm has the burden of proving: (1) that a past attorney/client relationship existed which was adverse to a subsequent representation by the law firm of the other client; (2) that the subject matter of the relationship was substantially related; (3) that a member of the law firm, as attorney for the adverse party, acquired knowledge of confidential information from or concerning the former client, actually or by operation of law." Estate of Pew, 655 A.2d 521, 545-46 (Pa. Super. Ct. 1994); see also Pa. Rule of Professional Conduct 1.9.

1

Ms. Rupert asserts:

> It is entirely possible . . . that Ms. Rupert and Mr. Rupert will have very different positions.  For example, if their separation is exploited, Ms. Rupert will have to explain the circumstances and it is likely, Mr. Rupert will take a different position.  Thus, [Ms. Rupert's] consortium claim could pit the Ruperts against one another, with King on Mr. Rupert's side, armed with highly confidential and personal information disclosed by Ms. Rupert during the course of joint representation.

Ms. Rupert's Br. 4-5 (Doc. 9).  Ms. Rupert has not demonstrated that Attorney King's prior representation of Ms. Rupert was adverse to Attorney King's current representation of Mr. Rupert in this action.  Even if Mr. and Ms. Rupert provide different explanations for the circumstances of their separation, that would not make Mr. and Ms. Rupert's interests adverse in Ms. Rupert's loss of consortium claim against Defendant Ford Motor Company.

For the reasons stated above, the Court hereby **ORDERS** that Plaintiff Jacqueline C. Rupert's Motion to Disqualify (Doc. 9) is **DENIED**.

**IT IS SO ORDERED**.

                                          s/ Cathy Bissoon
                                          Cathy Bissoon
                                          United States District Judge

May 14, 2012

cc (via e-mail):

All counsel of record.